UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Michael Corran Davis**                    **Docket No.: 7:13-CR-27-1FL**

**Petition for Action on Supervised Release**

COMES NOW Kristyn Super, Senior U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Michael Corran Davis, who, upon an earlier plea of guilty to Aggravated Sexual Abuse, in violation of 18 U.S.C. §§ 2241(a)(1) and 2241(a)(2), was sentenced by the Honorable Louise Wood Flanagan, United States District Judge, on October 3, 2013, to the custody of the Bureau of Prisons for a term of 168 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for Life under the conditions adopted by the court.

On September 9, 2025, a Petition for Action on Supervised Release was submitted to the court requesting that the conditions of supervised release be modified to include placement at the residential reentry center for a period of 180 days. The court approved the modification on September 10, 2025; however, the defendant secured residency and did not utilize the residential reentry center.

At sentencing, the defendant was ordered to abide by mandatory, standard, and special conditions of supervision. Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office has conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. §§ 3583(c) and (e)(2).  Based on this assessment, it is recommended that the defendant be subject to the mandatory conditions that were imposed at sentencing, standard conditions as referenced in the current standing order for the Eastern District of North Carolina, and the below special conditions, as well as any other conditions previously imposed by means of prior court action during the term of supervision.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:**

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about work (such as position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

**IT IS THE FURTHER ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:**

1. The defendant shall not incur new credit charges or open additional lines of credit without approval of the probation office.

2. The defendant shall provide the probation office with access to any requested financial information.

3. The defendant shall submit to a search, at any time, with or without a warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, and effects upon reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions.

4. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

5. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

6. The defendant shall have no direct or indirect contact, at any time and for any reason, with the victim(s), the victim's family, or affected parties in this matter unless provided with specific, written authorization in advance by the U.S. Probation Officer.

7. The defendant shall submit to a psycho-sexual evaluation by a qualified mental health professional who is experienced in evaluating sexual offenders and who is approved by the U.S. Probation Officer.

8. The defendant shall participate in a sex offender treatment program as directed by the U.S. Probation Officer, and the defendant shall comply with and abide by all the rules, requirements, and conditions of the treatment program until discharged. The defendant shall take medication as prescribed by the treatment provider.

9. At the direction of the U.S. Probation Officer, the defendant shall submit to physiological testing, which may include, but is not limited to, polygraph examinations or other tests to monitor the defendant's compliance with probation or supervised release and treatment conditions.

10. The defendant's residence and employment shall be approved by the U.S. Probation Officer. Any proposed change in residence or employment must be provided to the U.S. Probation Officer at least 10 days prior to the change and pre-approved before the change may take place.

11. You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense.

12. The defendant shall not hitchhike or pick up hitchhikers.

13. The defendant shall not possess any legal or illegal pornographic material, including any materials depicting and/or describing "child pornography" and/or "simulated" child pornography as defined in 18 U.S.C. § 2256, nor shall the defendant enter any location where such materials can be accessed, obtained, or viewed, including pictures, photographs, books, writings, drawings, videos, or video games.

14. The defendant shall not enter adult bookstores, sex shops, clubs, or bars with exotic or topless dancers, or massage parlors.

15. The defendant shall not go on or enter Camp Lejeune or New River Military Reservations while on supervised release.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Based on the individualized assessment of this case, it is respectfully recommended that the defendant comply with the above conditions.

Additionally, it is recommended that the conditions of supervised release be modified to include participation in mental health counseling and a psychiatric evaluation. The defendant reported that he has struggled with mental health issues for a significant period of time and it was noted that during a recent evaluation for social security disability benefits, he was diagnosed with Post Traumatic Stress Disorder, an Intellectual Disability, and an unspecified mood disorder. Modifying the conditions of supervised release will allow the U.S. Probation Office to assist with facilitation of a more comprehensive evaluation and programming.

The defendant signed a Waiver of Hearing acknowledging and agreeing to the standard and special conditions as outlined above.

**Michael Corran Davis**
**Docket No. 7:13-CR-27-1FL**
**Petition For Action**
**Page 4**


**PRAYING THAT THE COURT WILL ORDER** the defendant is continued under supervision and subject to the above listed conditions of supervision. To the extent that any of these conditions vary from those imposed at the time of sentencing, based on the individualized assessment conducted, these conditions replace those originally imposed. In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

**FURTHER PRAYING THAT THE COURT WILL ORDER** that the conditions of supervised release be modified as follows:

1. The defendant shall participate in a program of mental health treatment, to include a psychiatric evaluation, as directed by the probation office.


I declare under penalty of perjury that the foregoing is true and correct.

 /s/ Kristyn Super
Kristyn Super
Senior U.S. Probation Officer
200 Williamsburg Parkway, Unit 2
Jacksonville, NC 28546
Phone: 910-346-5104
Executed On: May 6, 2026


## ORDER OF THE COURT

Considered and ordered this _____13th_____ day of _____May_____, 2026, and ordered filed and made a part of the records in the above case.

Louise W. Flanagan
United States District Judge